UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 4:25-CV-00479 HEA |
| LA CARE HEALTH PLAN, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Plaintiff's motion will be denied as malicious. Additionally, for the reasons discussed below, this case will be dismissed for failure to state a claim. Furthermore, plaintiff's complaint is alternatively subject to dismissal for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

In the past month, plaintiff has filed a total of fourteen (14) cases in this Court, seven (7) of which have already been dismissed. *See Greene v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW (E.D. Mo.) (filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. Filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (filed Mar. 11, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. MV Transportation*, No. 4:25-CV-312-SPM (filed Mar. 12, 2025); *Greene v. Astrana Health*, No. 4:25-CV-323-SRC (filed Mar. 13, 2025); *Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (filed Mar. 18, 2025, dismissed Mar. 28, 2025); *Greene v. 430 South Los Angeles Street, LLC*, No. 4:25-CV-341-

-1-

RWS (filed Mar. 19, 2025, dismissed Mar. 31, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-366-SRW (filed Mar. 22, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. Weingart Care First Village*, No. 4:25-CV-385-JSD (filed Mar. 26, 2025, dismissed Apr. 8, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-413-RHH (filed Mar. 30, 2025, dismissed Mar. 31, 2025); *Greene v. Garland County, Arkansas*, No. 4:25-CV-426-SRW (filed Apr. 1, 2025); *Greene v. Salvation Army Bell Shelter*, No. 4:25-CV-432-ACL (filed Apr. 2, 2025); and *Greene, et al. v. United States Postal Service*, No. 4:25-CV-451-RWS (filed Apr. 4, 2025).

The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

**The Complaint**

This is the second case in this Court plaintiff has attempted to file against defendant LA Care Health Plan. *See Greene v. LA Care Health Plan*, No. 4:25-CV-413-RHH (filed Mar. 30, 2025, dismissed Mar. 31, 2025). In that case, plaintiff explained that he was pursuing an action in the United States District Court for the Eastern District of Missouri because he had been unable to seek relief from his Nevada state court action in the United States District Court for the Northern

District of Illinois.[1] The Court dismissed plaintiff's action under the *Rooker-Feldman* doctrine.[2] The Court noted that alternatively, plaintiff's action was also subject to dismissal for improper venue. *Id.*

In the instant action, plaintiff's states that he is suing defendant LA Care Health Plan after attempting to have a complaint resolved against them by the Better Business Bureau (BBB) in the State of California. Plaintiff states that the BBB closed the complaint against defendant LA Care Health Plan on March 24, 2025, after which time he attempted to pursue a "County of Los Angeles Claim within the Executive Office of the Board of Supervisors" relating to a request for housing. Thus, it appears that plaintiff filed a state court action in Los Angeles County Court against LA Care Health Plan, and then also pursued the claim with the Board of Supervisors of Los Angeles. Plaintiff does not indicate how the matter resolved, but it does not appear to have resolved in his favor.

According to plaintiff, in early February of 2025, he had been told by a social worker who was employed by LA Care that he was approved for a housing certificate for the homeless in Palmdale, California, to begin on or about March 1, 2025. The housing was to be administered through an intermediary, St. John's. However, when plaintiff contacted St. John's to discuss the matter, he found out that they had no knowledge of him being approved for housing.

Plaintiff alleges that he has been told by the County Sheriff to "move forward with his out

---

[1] *See Greene v. LA Health Plan*, No. 1:24-CV-11375 (N.D. Ill. filed Nov. 4, 2024, dismissed Mar. 13, 2025). The Court notes that plaintiff filed the same, or substantially similar action in the Northern District of Indiana on January 7, 2025. *See Greene v. LA Care Health Plan*, No. 2:25-CV-00005 GSL-AZ (N.D. Ind. filed Jan. 7, 2025, dismissed Jan. 29, 2025).

[2] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923).

-3-

of state plans due to a number of wrongful encounters with the Board Executive Attorney's [sic] that are supposed to address claims." Thus, he states that he is "hopeful that the system in [Missouri] accepts the case."

Because plaintiff did not submit this action on the Court's form complaint, he has not indicated either he or defendant's state of citizenship, although from plaintiff's other actions in this Court, it is apparent that he is a citizen of the State of California. Plaintiff has also failed to indicate in his complaint a jurisdictional basis for the present action; however, on his Civil Cover Sheet he states that he is bringing this action pursuant to 28 U.S.C. § 1331. Nonetheless, plaintiff does not cite to any federal statutes, federal treaties, or provisions of the United States Constitution.

For relief against defendant, plaintiff seeks monetary damages.

## Discussion

This Court finds that plaintiff's action stems from California state court proceedings in Los Angeles County Court, and the *Rooker-Feldman* doctrine precludes a federal court's review of state court decisions. Moreover, "[a] litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). Plaintiff is seeking appellate review, asking the Eastern District of Missouri to reverse the decisions in a California state court case. This Court has no ability to grant the relief requested by plaintiff.

Additionally, the Court notes that plaintiff is forum shopping by attempting to relitigate this action in a new court because he previously received a result in a court that was undesirable. Plaintiff's abuse of the judicial system has resulted in filing restrictions and monetary sanctions across the United States. He has a history of filing frivolous actions and attempting to "transfer"

cases from court to court without thought to court rules, the Federal Rules of Civil Procedure, how the state or federal appellate system functions or the confines of federal venue.³ Even if the Court could reverse a ruling by a California state court, this Court lacks jurisdiction (and venue) to do so. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

As plaintiff has repeatedly been told in his prior cases in this Court, plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that he or the defendant resides within this district. None of the requirements of § 1391 are present in this case.

---

³This is also not the first set of allegations plaintiff has brought against the LA Care Health Plan. As noted above, plaintiff brought at least one other case in this District Court. *See Greene v. LA Care Health Plan*, No. 2:25-CV-00005 GSL-AZ (N.D. Ind. filed Jan. 7, 2025, dismissed Jan. 29, 2025). And he brought two other cases in the Northern District of Illinois and in the Northern District of Indiana, and in both courts, plaintiff lacked proper venue to do so. *See Greene v. LA Health Plan*, No. 1:24-CV-11375 (N.D. Ill. filed Nov. 4, 2024, dismissed Mar. 13, 2025) and *Greene v. LA Care Health Plan*, No. 2:25-CV-00005 GSL-AZ (N.D. Ind. filed Jan. 7, 2025, dismissed Jan. 29, 2025). Because plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process, and as it is apparent he filed the instant complaint as part of a general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right, the Court will additionally dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e) and as a sanction deny plaintiff the ability to proceed in forma pauperis. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court cannot transfer this action back to a county state court. As such, the Court will alternatively dismiss this action for lack of proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED as malicious**. *See* 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 10th day of April, 2025.

　　　　　　　　　　　　　　　　　　／s／ Henry Edward Autrey
　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE